UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JACK STREICHER,

    Plaintiff,

v.                              Case No. CV 406-292

HOUSING AUTHORITY OF
SAVANNAH,

    Defendant.

## ORDER

The above-captioned case was commenced by Plaintiff Jack Streicher in Chatham County Superior Court; Defendant Housing Authority of Savannah ("HAS") removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 (Doc. 1). This Court granted Defendant's Motion for Summary Judgment (Doc. 23), and currently before the Court are Defendant's Bill of Costs and Motion for Costs (Docs. 25 & 26) and Motion for Attorney's Fees (Doc. 27). For the reasons discussed below, Defendant's Motion for Costs is **GRANTED IN PART** and Defendant's Motion for Attorney's Fees is **DENIED**.

## DISCUSSION

Bill of Costs

"Unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." FED.R.CIV.P. 54(d)(1). Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2267

(collecting cases). Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d). In the case at bar, Defendant's Motion for Summary Judgment was granted and Plaintiff's case was dismissed. Accordingly, the Court will tax costs against Plaintiff.[1]

Pursuant to Rule 54(d) and 28 U.S.C. § 1920, the Court will grant Defendant's request for taxation of the following costs:

1. Filing fees ($350.00);

2. Fees of the Court reporter ($895.80 for three depositions); and

3. Service fee ($53.00)

Plaintiff does not oppose the taxation of these items in his Response to Defendant's Bill of Costs. Plaintiff does, however, contest the fourth item, a requested $910.00 total in photocopy charges.

A Court may tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "Photocopying charges attributable to discovery and the court's copies of pleadings, motions, and memoranda are 'reasonable necessary for use in the case' and can be awarded. Extra copies of filed papers and correspondence, and copies of cases, however, are not necessary but are for the convenience of the attorneys and therefore not taxable." Fressell v. AT & T Technologies, Inc., 103 F.R.D. 111, 118 (N.D.Ga. 1984) (internal citation omitted).

---

[1] The Court will tax costs notwithstanding Plaintiff's objection based on Defendant's counsel's failure to file the required affidavit along with the Bill of Costs. 28 U.S.C. § 1924. Counsel for Defendant cured this deficiency by supplementing its timely-filed Bill of Costs with the required affidavit in its Reply to Plaintiff's objections (Doc. 32), which the Court finds sufficient. See Morrissey v. County Tower Corp., et al., 568 F.Supp. 980, 981 (E.D.Mo. 1983).

Defendant has failed to carry its burden of establishing that some 3,644 pages of copies were necessarily obtained for use in the case. As opposed to the case cited by Defendant, in the case at bar, the length of the litigation and the number of pleadings and motions that were filed indicate that it is <u>unreasonable</u> "to assume that all of defendant's in-house copying charges were necessarily incurred in the ordinary course of conducting the litigation." <u>Biomedical Disposal, Inc. v. Mediq/PRN Life Support Services, Inc.</u>, 2007 U.S. Dist. LEXIS 65494, 6-8 (N.D. Ga. 2007). Further, copies of necessary depositions have been accounted for in a separate cost item, and it is difficult to assume that 1,084 copies made on August 31, 2007 – after discovery was completed and while Defendant's Motion for Summary Judgment was pending – were somehow necessary to the case. Moreover, the supposed cost of twenty-five cents per page is inordinately high in today's modern world, where one can make copies at a for-profit location for nine cents a page. Telephone Call to FedEx, Savannah (May 29, 2008). It is unreasonable for an in-house rate to exceed, let alone almost triple, that charged by outside businesses. Again, the case relied on by Defendant is instructive – the copy charges granted in that case indicate a rate of between six and seven cents per page. <u>See</u> N.D.Ga. CV 102-1927, Doc. 148. In sum, because Defendant has failed to establish the reasonableness of the copy charges incurred, the Court in its discretion hereby **DENIES** Defendant's request that $910.00 in photocopy charges be taxed to Plaintiff. Costs will be taxed in the total amount, as enumerated above, of one thousand two hundred and ninety-eight dollars and eighty cents ($1298.80).

Attorney's Fees

Also before the Court is Defendant's Motion for Attorney's Fees (Doc. 27). In Counts I and II of his Complaint, Plaintiff alleged that he was terminated because of his age and race, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* and Title VII, 42 U.S.C. § 2000e *et seq*, respectively. Plaintiff also alleged intentional infliction of emotional distress (Count III), and sought punitive damages (Count IV). Finally, Plaintiff alleged that Defendant failed to properly compensate him for overtime he worked, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (Count V). Defendant's Motion, however, focuses solely on the frivolity of Plaintiff's Title VII race discrimination claim.

"[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in bad faith." Christianburg Garment Co. v. EEOC, 434 U.S. 420, 421 (1978). In assessing whether the case was frivolous, the Court should consider: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle;[2] and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. Sullivan v. School Board of Pinellas County., 773 F.2d 1182 (11th Cir. 1985). Plaintiff did not establish a prima facie case with respect to his Title VII race discrimination claim, and presented no evidence in support of that claim. The fact that the Title VII claim was

---

[2] Regarding Defendant's offer to settle, it was appropriate for Defendant to make such an offer based on the case as a whole, and this prong is not instructive with respect to the frivolity of the Title VII claim.

4

dismissed prior to trial was due to the sheer lack of any evidence supporting his claim; indeed, Plaintiff conceded summary judgment on this claim. Accordingly, the Court finds Plaintiff's Title VII claim to be frivolous. Nevertheless, for the reasons discussed below, the Court denies Defendant's request for attorney's fees.

Pursuant to Local Rule, Defendant should have supplied "a detailed specification and itemization of the requested award, with appropriate affidavits and other supporting documentation." L.R. 54.2(c).

> An applicant for attorney's fees bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates . . . fee counsel bears the burden in the first instance of supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.

Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988) (citation omitted).

Despite Plaintiff's Response (Doc. 29), wherein he noted the lack of necessary itemization, Defendant declined to provide the information in its Reply, instead arguing that the case should be assessed as a whole (Doc. 33). Defendant's position is problematic. First, Defendant's argument and request for the entire amount is in direct opposition to its position that the Court should parse out Plaintiff's race discrimination as frivolous and award costs on that basis.[3] Because the frivolity finding is a prerequisite to

---

[3] Although Defendant asserted in general language that Plaintiff's "case" was frivolous, Defendant's specific arguments focused solely on the race discrimination portion of the

5

the imposition of attorney's fees, the apportionment of fees to claims would be necessary where, as here, the main claim was not subject to an award of attorney's fees.[4]

The inadequate nature of Defendant's filings is such that the Court cannot award any fees on the Title VII claim alone, and it would be improper for the Court to invite the Defendant to supplement the pleadings at this juncture. Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1303 n.2 (11th Cir. 1988) (noting that the court should not ordinarly depart from its position of neutrality to coach either party on the proper preparation of their pleadings.) "Although the party seeking fees has the burden of supplying the court with detailed evidence from which the court can determine a reasonable fee, where that party presents inadequate documentation the court may determine a reasonable award based on its own experience." Mills by Mills, 118 F.3d 727, 734 (11th Cir. 1997). The Court's experience dictates a finding that, as argued by both parties, the case was properly handled as a whole. Both of the discrimination claims related to the general circumstances surrounding Plaintiff's employment and termination, with the age discrimination claim being the main focus. No fees are reasonably awarded for the Title VII claim, which was closely related to the age discrimination claim, was not heavily litigated, and should have required only a de minimis amount of time dedicated

---

claim, and Defendant did not specifically argue that the age discrimination claim was brought in bad faith, presumably because such an argument would have been baseless.

[4] Under the ADEA, a court must make a finding that plaintiff litigated in bad faith before awarding attorney's fees to a defendant. Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1437 (11th Cir. 1998). Defendant failed to argue or acknowledge this governing law in its Motion.

specifically to that claim. Accordingly, Defendant's Motion for Attorney's Fees is **DENIED**.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Costs (Doc. 26) is **GRANTED IN PART**. The Clerk is directed to tax costs in the amount of one thousand two hundred and ninety-eight dollars and eighty cents ($1298.80).

**IT IS FURTHER ORDERED** that Defendant's Motion for Attorney's Fees is **HEREBY DENIED**.

**SO ORDERED.**

JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

Dated: June 3, 2008